UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

JEROME A. MARTIN                                                    PLAINTIFF


VS.                                                    CIVIL ACTION NO: 3:19-cv-925 DPJ-FKB
                                                       JURY DEMAND


SANDERSON FARMS, INC.                                               DEFENDANT


## COMPLAINT

Plaintiff, Jerome A. Martin (Mr. Martin), files this Complaint and Jury Demand against Defendant, Sanderson Farms, Inc. (Sanderson Farms), for violation of the Family and Medical Leave Act of 1993 (FMLA), Americans with Disabilities Act (ADA) of 1990, Americans with Disabilities Act Amendments Act (ADAAA) of 2008, and Title VII of the Civil Rights Act of 1964; for race discrimination, disability discrimination and retaliation. In support thereof Plaintiff states the following:

## PARTIES

1.  Plaintiff Jerome A. Martin is an African American, adult male who resides in Copiah County, Mississippi.

2.  The Plaintiff was an eligible employee as that term is defined under FMLA.

3.  Defendant, Sanderson Farms, Inc. is a Mississippi Corporation with its principal place of business located at 127 Flynt Road, Laurel, Mississippi 39443 and a work location at 28163 MS-28, Hazlehurst, Mississippi 39083. Defendant may be served with process by serving its registered agent for service: Joe F. Sanderson, Jr., 127 Flynt Road, Laurel, Mississippi 39443. The Defendant is a covered employer under the FMLA and Title VII.

1

## JURISDICTION AND VENUE

4. At all times relevant herein, Sanderson Farms, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. The Court has jurisdiction to award attorney fees pursuant to 42 U.S.C. § 1988.

6. The employment practices of the Defendant alleged to be unlawful were committed within the jurisdiction of the Southern District of Mississippi, Northern Division Jackson. In addition, Defendant maintained Plaintiff's work location at 28163 MS 28, Hazlehurst, Mississippi, 39083 within the jurisdiction of the Southern District of Mississippi, Northern Division Jackson. Accordingly, venue is proper pursuant to 28 U.S.C. §1391.

7. Prior to filing this action, Plaintiff timely filed his charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) asserting Defendant violated of the Family and Medical Leave Act of 1993 (FMLA), Americans with Disabilities Act (ADA) of 1990, Americans with Disabilities Act Amendments Act (ADAAA) of 2008, and Title VII of the Civil Rights Act of 1964; for race discrimination and disability discrimination. A copy of the Plaintiff's Charge of Discrimination is attached hereto and incorporated herein as Exhibit "A".

8. In conformance with the law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving his Notice of Suit Rights from the EEOC and within two years after Defendant willfully violated Plaintiff's rights under the FMLA. Plaintiff received his Notice of Suit Rights letter with an execution date of September 25, 2019. A copy of the Notice of Suit Rights is attached and incorporated herein as Exhibit "B".

9. On November 1, 2019, Plaintiff opened an intake with the EEOC regarding retaliation for his protected activity and filed a Charge of Discrimination alleging retaliation on December 3,

2

2019, against the Defendant attached hereto as Exhibit "C". Plaintiff has requested his Notice of

Suit Rights in order to bring all claims in this action.

## FACTS

10. Defendant is an employer with over 500 employees.

11. Plaintiff, Jerome Martin, began working for Defendant on about February 12, 2017.

12. Plaintiff worked for Defendant in the Freezer/Cooler Area as a specialist until around the

beginning of January 2019.

13. Plaintiff did not have any disciplinary action against him during his time with Defendant.

14. On September 21, 2018, the Plaintiff suffered a heart attack.

15. Plaintiff was subsequently off of work for 10-11 days.

16. After returning following his heart attack, Plaintiff worked for approximately 3 more months

in the Cooler/Freezer area.

17. Plaintiff then told his supervisor he could not handle the cold due to being prescribed new

medication following his heart attack and requested a transfer out of the freezer.

18. The request for a transfer put Defendant on notice of Mr. Martin's need for accommodation

due to his recent heart attack.

19. Plaintiff signed a transfer form.

20. Plaintiff received a transfer assignment to Defendant's Waste Water Treatment Area.

21. Plaintiff was trained on all Waste Water Treatment operations except for waste testing.

22. Plaintiff worked in Waste Water Treatment Area for 2 months.

23. Plaintiff was then sent to another cold area without any cause and despite the fact he had

been transferred as an accommodation for his disability.

24. When Plaintiff again complained about being made to work in a cold area, which had caused him injury, including carpal tunnel syndrome and incompatibility with his medications following his heart attack, Defendant provided Plaintiff FMLA paperwork to have completed by his provider.

25. After Defendant removed Plaintiff from the Waste Water Treatment area, he filed a charge of discrimination with the EEOC on or about August 12, 2019.

26. After Mr. Martin filed his COD, the Defendant retaliated against Mr. Martin by moving him back to the Freezer/Cooler area, which exacerbated Plaintiff's medical conditions.

27. The EEOC did not undertake an investigation into Mr. Martin's charge, instead issuing a Dismissal and Notice of Suit Rights on September 25, 2019.

28. Prior to his termination, Mr. Martin told the Defendant he could have the FMLA paperwork completed by his Neurologist during is scheduled appointment on November 5, 2019.

29. On November 1, 2019, just over a month after the EEOC dismissed his claim, Defendant fired Plaintiff with no justification.

30. Before Plaintiff could return the FMLA paperwork, Defendant fired him, knowing of his disability and the fact he was attempting to request leave under the protections of the FMLA. On November 5, 2019, Mr. Martin's doctor found neuropathy in his upper and lower extremities, exacerbated by the cold.

31. Plaintiff was replaced by a white male employee in the Waste Water Treatment Area and said white male was subsequently trained on all job duties for the area, including waste testing.

32. The white male with no experience or training was given preference due to his lack of disability and because he was white and Mr. Martin was black.

33. Plaintiff was scheduled to see the doctor to complete his FMLA paperwork on November 5, 2019.

34. Defendant terminated Plaintiff in violation of his rights under the FMLA which should have permitted Plaintiff leave time.

35. Defendant's termination was in retaliation for Mr. Martin's protected activity in filing his charge of discrimination, as well as for asserting his rights under the ADAAA in requesting a reasonable accommodation.

## DAMAGES

36. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered losses including, but not limited to, back pay, front pay, loss of wages and benefits in the past and future, costs of court, expert fees and attorney fees, mental anguish, humiliation and emotional distress in the past and future, prejudgment and post judgment interest, benefits, special damages, expenses, liquidated damages, and punitive damages, all to be specified at trial and any injunctive relief deemed appropriate and available under the statutes which Plaintiff brings this action.

37. Plaintiff prays that a jury be empaneled to hear his case and for appropriate compensatory, liquidated, and punitive damages.  Plaintiff also requests all relief to which he may be entitled under the laws pled in this action and for attorney fees and costs.

THIS the 20rd day of December, 2019.

Respectfully submitted,
Jerome Martin
BY: */s/* **Kristy L. Bennett**
Kristy L. Bennett BPR #99525
Tressa V. Johnson BPR #104892
JOHNSON AND BENNETT, PLLC
1331 Union Avenue, Suite 1226
Memphis, TN 38104
(901) 402-6515 (direct)
(901) 462-8629 (fax)
kristy@myjbfirm.com
tressa@myjbfirm.com