Last Updated: February 2016
FORM 1 (ND/SD MISS. DEC. 2015)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**
May 05 2020
ARTHUR JOHNSTON, CLERK
By: _____, Deputy Clerk

JEROME A. MARTIN                                                                                                    PLAINTIFF

v.                                                                            CIVIL ACTION
                                                                              NO. 3:19-cv-925-DPJ-FKB

SANDERSON FARMS, INC.                                                                                            DEFENDANT

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**                    2-3

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**        10

    **EXPERT TESTIMONY EXPECTED:** Yes    **NO. OF EXPERTS:**    1-2

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

    Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

    Private mediation or a settlement conference with the Court is required in this matter. The parties are to schedule and complete same by the discovery deadline.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

    The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. DEC. 2015)

4. **DISCLOSURE.**

   The following additional disclosure is needed and is hereby ordered:

   The parties shall fully comply with the pre-discovery disclosure requirements of Fed.R.Civ.P.26 (a)(1) and L.U.Civ.R. 16(d) and 26(a) by May 8, 2020.

5. **MOTIONS; ISSUE BIFURCATION.**

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42 (b) will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A.  Interrogatories are limited to  25   succinct questions.

   B.  Requests for Production are limited to   25   succinct questions.

   C.  Requests for Admissions are limited to   25   succinct questions.

   D.  Depositions are limited to the parties, experts, and no more than

   __5__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. DEC. 2015)

    **E.**    The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

To identify and preserve any potential ESI, Counsel for the Parties have alerted their respective clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs. For any relevant e-mail communications, the parties will produce such communication via hard copy. The parties do not expect to perform any forensic searches on computer hard drives. The parties are not aware of any discoverable deleted ESI. The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata. For any ESI discovered during the course of this litigation, however, the parties have agreed to produce paper copies of any electronically stored documents that are produced in response to document requests. The parties are not aware of any discoverable ESI that is not reasonably accessible at this time. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived.

    **F.**    The court imposes the following further discovery provisions or limitations:

[✓] 1. The parties have agreed that defendant may obtain a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court.

[✓] 2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

[✓] 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

[✓] 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

[ ] 5. Other:

FORM 1 (ND/SD MISS. DEC. 2015)

Additional Provisions:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL  during a  two-week  term of court beginning on: May 3, 2021 , at  9:00 ,  a.m. , in  Jackson , Mississippi, before United States  District  Judge  Daniel P. Jordan, III .

   ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: April 9, 2021 , at 9:00 ,  a.m. , in  Jackson , Mississippi, before United States  District  Judge Daniel P. Jordan, III .

   C. **Discovery.** All discovery must be completed by: November 19, 2020 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: June 1, 2020 .

   E. **Experts.** The parties' experts must be designated by the following dates:

      1. Plaintiff(s):   August 21, 2020 .

      2. Defendant(s):   September 21, 2020 .

FORM 1 (ND/SD MISS. DEC. 2015)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: December 3, 2020         . The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: February 9, 2021         , at 9:00     , a.m.     in Jackson         , Mississippi, before United States Magistrate         Judge F. Keith Ball         .

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) April 2, 2021         , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

May 5, 2020                          /s/ F. Keith Ball
DATE                                 UNITED STATES MAGISTRATE JUDGE